```
 1  NICOLA T. HANNA
    United States Attorney
 2  BRANDON D. FOX
    Assistant United States Attorney
 3  Chief, Criminal Division
    BENJAMIN R. BARRON
 4  Assistant United States Attorney
    Chief, Santa Ana Branch Office
 5  CHARLES E. PELL (Cal. Bar No. 210309)
    Assistant United States Attorney
 6  Santa Ana Branch Office
         411 West Fourth Street, Suite 8000
 7       Santa Ana, California 92701
         Telephone: (714) 338-3542
 8       Facsimile: (714) 338-3561
         E-mail:    charles.e.pell2@usdoj.gov
 9
    Attorneys for Plaintiff
10  UNITED STATES OF AMERICA
```

COPY

FILED
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
2019 JUL -5 PM 2:50
BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR19-00397 RGK |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT HAKOP ZAKARYAN |
| v. | |
| HAKOP ZAKARYAN, | |
| Defendant. | |

1. This constitutes the plea agreement between HAKOP ZAKARYAN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the investigation of bank fraud. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

   a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the

1 | Court, appear and plead guilty to a one-count information in the form
2 | attached to this agreement as Exhibit A or a substantially similar
3 | form, which charges defendant with bank fraud in violation of 18
4 | U.S.C. § 1344(2).

5 |     b.   Not contest facts agreed to in this agreement.

6 |     c.   Abide by all agreements regarding sentencing contained
7 | in this agreement.

8 |     d.   Appear for all court appearances, surrender as ordered
9 | for service of sentence, obey all conditions of any bond, and obey
10 | any other ongoing court order in this matter.

11 |     e.   Not commit any crime; however, offenses that would be
12 | excluded for sentencing purposes under United States Sentencing
13 | Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
14 | within the scope of this agreement.

15 |     f.   Be truthful at all times with the United States
16 | Probation and Pretrial Services Office and the Court.

17 |     g.   Pay the applicable special assessment at or before the
18 | time of sentencing unless defendant lacks the ability to pay and
19 | prior to sentencing submits a completed financial statement on a form
20 | to be provided by the USAO.

21 |     h.   Make restitution at or before the time of sentencing,
22 | and not seek the discharge of any restitution obligation, in whole or
23 | in part, in any present or future bankruptcy proceeding.

## THE USAO'S OBLIGATIONS

25 | 3.   The USAO agrees to:
26 |     a.   Not contest facts agreed to in this agreement.
27 |     b.   Abide by all agreements regarding sentencing contained
28 | in this agreement.

  c. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

  d. Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 11 or higher and provided that the Court does not depart downward in offense level or criminal history category. For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, without regard to reductions in the term of imprisonment that may be permissible through the substitution of community confinement or home detention as a result of the offense level falling within Zone B or Zone C of the Sentencing Table].

NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged the sole count of the information, that is, bank fraud, in violation of Title 18, United States Code, Section 1344(2), the following must be true: (1) defendant knowingly carried out a scheme or plan to obtain money or property from Wells Fargo Bank, N.A., by making false statements or promises; (2) defendant knew that the statements or promises were false; (3) the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property; (4) defendant acted with the intent to defraud;

and (5) Wells Fargo Bank, N.A., was federally insured.

## PENALTIES AND RESTITUTION

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1344, is: 30 years' imprisonment; a five-year period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that

unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant understands that defendant will be required to pay full restitution to the victim of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty. The parties currently believe that the applicable amount of restitution is approximately $29,453.04, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

## FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

During all relevant time periods to this Plea Agreement, defendant was a branch manager at a Wells Fargo branch in Glendale, California, which bank was federally insured. On or about July 24, 2014, defendant used his position as branch manager to "unfreeze" a Wells Fargo bank account ending in 5032, which had been frozen due to suspected fraud. Defendant called the bank's loss prevention department and provided false information to unfreeze the bank account, which caused the account to be unfrozen. Defendant unfroze that bank account even though he knew he should not, because he was paid more than $3,000 cash by the schemers, including T.G., to do so. On the same day that defendant unfroze that bank account, he assisted the other schemers to then withdraw $29,453.04 from that bank account, which was withdrawn in cash from the Wells Fargo branch in Glendale, California. Defendant knew that the schemers were defrauding the bank by using fraudulent identities. Defendant also assisted the schemers to unfreeze other bank accounts in exchange for cash payments. The parties agree that for purposes of this Plea Agreement, the loss to Wells Fargo Bank is $29,453.04.

## SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| $15k < Loss < $40k | +4 | U.S.S.G. § 2B1.1(b)(1)(C) |
| Abuse of position of trust: | +2 | U.S.S.G. § 3B1.3 |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.    The right to persist in a plea of not guilty.

    b.    The right to a speedy and public trial by jury.

    c.    The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

    d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.    The right to confront and cross-examine witnesses against defendant.

    f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea were involuntary, by pleading guilty defendant is waiving and giving up any right to

appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

17. Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, including, to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 18-10 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

18. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment corresponding to a final offense level of 11, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO

are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

23. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed

1  as inconsistent with the facts agreed to in this agreement, this
2  paragraph does not affect defendant's and the USAO's obligations not
3  to contest the facts agreed to in this agreement.

4   25. Defendant understands that even if the Court ignores any
5  sentencing recommendation, finds facts or reaches conclusions
6  different from those agreed to, and/or imposes any sentence up to the
7  maximum established by statute, defendant cannot, for that reason,
8  withdraw defendant's guilty plea, and defendant will remain bound to
9  fulfill all defendant's obligations under this agreement. Defendant
10 understands that no one -- not the prosecutor, defendant's attorney,
11 or the Court -- can make a binding prediction or promise regarding
12 the sentence defendant will receive, except that it will be within
13 the statutory maximum.

## NO ADDITIONAL AGREEMENTS

15  26. Defendant understands that, except as set forth herein,
16 there are no promises, understandings, or agreements between the USAO
17 and defendant or defendant's attorney, and that no additional
18 promise, understanding, or agreement may be entered into unless in a
19 writing signed by all parties or on the record in court.
20 ///
21 ///
22 ///

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

_____    07/03/2019
CHARLES E. PELL    Date
Assistant United States Attorney

_____    July 2, 2019
HAKOP ZAKARYAN    Date
Defendant

_____    July 3, 2019
ELON BERK    Date
Attorney for Defendant HAKOP
ZAKARYAN

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those

contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     JULY 2, 2019
HAKOP ZAKARYAN                             Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am HAKOP ZAKARYAN's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____     July 3, 2019
ELON BERK                                  Date
Attorney for Defendant HAKOP
ZAKARYAN